```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
THE BETTER ANGELS SOCIETY, INC.,         :
                                         :
                       Plaintiff,        :      19cv3285 (DLC)
                                         :
            -v-                          :      MEMORANDUM OPINION
                                         :           AND ORDER
INSTITUTE FOR AMERICAN VALUES, INC.,     :
                                         :
                       Defendant.        :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiff:
Jay S. Bowen
Lauren Spahn
Shackelford, Bowen, McKinley & Norton, LLP
47 Music Square East
Nashville, TN 37203
(615) 329-4440

For defendant:
James Nealon
Steven J. Moore
Withers Bergman LLP
430 Park Ave.
New York, NY  10022
(212) 848-9800


DENISE COTE, District Judge:

On December 17, 2019, defendant Institute for American Values, Inc. ("IAV") moved for reconsideration of the Court's November 15, 2019 Opinion, which granted summary judgment to the Better Angels Society, Inc. ("Better Angels") on its trademark infringement claim.  The Better Angels Soc'y, Inc. v. Inst. for

Am. Values, No. 19cv3285 (DLC), 2019 WL 6051435 (S.D.N.Y. Nov. 15, 2019) (the "November Opinion"). The November Opinion is incorporated by reference, and familiarity with it is assumed. For the reasons that follow, IAV's December 17 motion for reconsideration is denied.

The standard for granting a motion for reconsideration is "strict." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (citation omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted).

IAV has not identified any error of law or fact that merits reconsideration of the November Opinion. Instead, it principally raises new arguments or seeks to revive old

2

arguments already considered and rejected by the November Opinion. A motion for reconsideration is not a substitute for an appeal; nor is it a vehicle for new arguments not raised in opposition to the motion to dismiss. Analytical Surveys, 684 F.3d at 52.

Two of the arguments raised in this motion are premised on errors of law. In its reply brief in support of its motion for reconsideration, IAV does not defend the position it took in its opening brief that Better Angels lacks standing to bring its trademark infringement claim. Nor could it. The only case IAV relied on in making its standing argument is Federal Treasury Enter. Sojuzplodoimport v. SPI Spirits, Ltd., 726 F.3d 62 (2d Cir. 2013). SPI Spirits recognizes that "only registrants" of trademarks "have statutory standing to bring an action" under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Id. at 72 (citation omitted). SPI Spirits does not hold that a registrant lacks standing to enforce its rights beyond the class of goods and services identified in the registration certificate. Id. It is undisputed that Better Angels is the registrant of the Better Angels mark (the "Mark"), and thus has standing to sue.

Next, conceding that "IAV's legal argument concerning trademark priority issues . . . could have been more clearly or artfully drawn in the first instance," IAV contends that the November Opinion failed to consider its argument that IAV has

3

priority over the Mark with respect to the goods and services beyond those that were identified in Better Angels' 2011 registration certificate. IAV is wrong.

As discussed in the November Opinion, both parties operate in areas of commerce that are similar and closely related. 2019 WL 6051435 at *6. They are civic-discourse-oriented non-profit organizations that provide programming throughout the United States, and in the Washington D.C. area in particular. Id. As is clear from the bridging-the-gap factor of the likelihood-of-confusion test established in Polaroid Corp v. Polarad Elecs. Corp., 287 F.2d 492, 497-98 (1961), a registrant of a mark "should not be confined within the present scope of its commerce by the risk of confusion that will result from a reasonably plausible expansion of its business." Guthrie Healthcare Sys. v. ContextMedia, Inc., 826 F.3d 27, 37 (2d Cir. 2016); cf. Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 317 F.3d 209, 216 (2d Cir. 2003), abrogated on other grounds. Applying this factor, among others, the November Opinion held that Better Angels' trademark rights extend beyond the range of goods and services identified in the 2011 registration certificate. IAV therefore cannot claim priority of use to defeat the motion for summary judgment brought by Better Angels.

## **Conclusion**

The December 17, 2019 motion for reconsideration is denied.

Dated:    New York, New York
          March 3, 2020

                              _____
                                    DENISE COTE
                              United States District Judge